**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry G. Philpot,<br><br>        Plaintiff,<br><br>v.<br><br>Domains by Proxy Incorporated, et al.,<br><br>        Defendants. | No. MC-20-00001-PHX-DWL<br><br>**ORDER** |

       This miscellaneous case was initiated in January 2020 when Larry Philpot, an Indiana-based photographer who is proceeding pro se, filed a motion asking the Clerk of Court to issue a subpoena to GoDaddy and Domains by Proxy. (Doc. 1.) The application alleges that Mr. Philpot holds copyrights on various photographs and that some of the copyrighted photos appear on websites hosted by GoDaddy and Domains by Proxy. (*Id.*) Thus, Mr. Philpot sought to compel GoDaddy and Domains by Proxy to provide information about the customers associated with the infringing websites. (*Id.*) On January 2, 2020, the Clerk of Court issued the subpoena. (Doc. 1-1.)

       Now pending before the Court are two motions to quash. The first, filed on March 20, 2020, was filed by a John Doe associated with one of the domain names hosted by Domains By Proxy (www.popslam.com). (Doc. 2.) In a nutshell, it argues that Mr. Philpot failed to comply with the statutory requirements under 17 U.S.C. § 512 for seeking this type of subpoena. (*Id.*) It is unclear if this motion was served on Mr. Philpot.[1]

---

[1] The receipt for the Notice of Electronic Filing (Doc. 2) indicates that Mr. Philpot was not electronically noticed but that "[n]otice will be sent by other means," and it lists

Similarly, the second motion, filed on March 26, 2020, was filed by a John Doe associated with a different domain name (astro-charts.com). (Doc. 3.) It also contends, *inter alia*, that Mr. Philpot failed to comply with the statutory requirements under 17 U.S.C. § 512 for seeking this type of subpoena. (*Id.*)

The second motion was served on March 26, 2020. (Doc. 4.) Mr. Philpot had 14 days to respond, LRCiv 7.2(c), plus three additional days because service was made via mail. Fed. R. Civ. P. 6(d). Thus, April 13, 2020 was the deadline to respond.

Mr. Philpot did not respond, and therefore the second motion will be granted summarily. LRCiv 7.2(i). Furthermore, because Mr. Philpot failed to respond to the argument that he failed to comply with the statutory requirements under 17 U.S.C. § 512, which applies to this entire miscellaneous action (not just to one John Doe defendant), the subpoena will be quashed in its entirety and this action will be terminated.

This is not the first time that Mr. Philpot has obtained and served copyright-related subpoenas but then abandoned the case upon the first sign of resistance. For example, in another case filed in the District of Arizona, *Philpot v. Domains by Proxy Incorporated*, 2:17-mc-00069-DGC, Mr. Philpot obtained and served a subpoena on Domains by Proxy (Doc. 1), and even filed a motion for default after Domains by Proxy initially failed to respond (Doc. 2). However, Domains by Proxy opposed the default motion (Doc. 7) and a non-party subsequently attempted to file a motion to quash the subpoena (Doc. 8). Judge Campbell denied the motion for default as improper, denied the motion to quash because it was blank and filed by a non-attorney, and required Mr. Philpot to file a memorandum explaining whether he intended to assert claims against any party. (Doc. 9.) Judge Campbell further ordered the Clerk of Court to terminate the action if Mr. Philpot failed to file the memorandum. (*Id*.) Mr. Philpot failed to file the memorandum, and the action was terminated. (Doc. 11.)

Here, the John Doe who filed the second motion to quash has suggested that Mr. Philpot is a serial litigant and the only money he makes from his photography comes from

---

Mr. Philpot's address. There is no proof of service, and the Court has no way of knowing if or when the motion was sent to Mr. Philpot.

filing and settling frivolous lawsuits.  (Doc. 3 at 6-7.)  Excerpts from a deposition of Mr. Philpot in a previous matter appear to substantiate that assertion.  (Doc. 3-1.)  If indeed Mr. Philpot is filing frivolous lawsuits in the hope of settling them, this is not an appropriate use of judicial resources and should not continue.  This order should serve as a clear warning that future misconduct will not be tolerated.

Accordingly,

**IT IS ORDERED** that the pending motions to quash (Docs. 2, 3) are granted.  The subpoena is quashed, and the Clerk of Court shall terminate this action.

Dated this 21st day of April, 2020.

Dominic W. Lanza
United States District Judge